# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS BON STOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-1327-HE |
| | ) | |
| JOHN WHETSEL, SHERIFF, and | ) | |
| OKLAHOMA COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Thomas Bon Stout, a *pro se* state prisoner appearing *in forma pauperis*, filed this suit pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights.[1] His claims assert various objections to his treatment during his incarceration at the Oklahoma County Detention Center ("OCDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Valerie K. Couch, who recommended, *sua sponte*, that plaintiff's § 1983 complaint be dismissed on the basis that his alleged claims are time-barred. Judge Couch further recommended that the dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(d), after plaintiff has exhausted or waived his appeals, and that plaintiff's motion requesting the issuance of a subpoena to Dustin Cook be denied. The report and recommendation also noted, as an alternate ground, that dismissal of the OCDC was warranted on the basis that it is not a suable legal entity. Plaintiff timely objected to the Report and Recommendation.

---

[1]*Pro se pleadings are construed liberally. See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

As the magistrate judge noted, a prisoner's § 1983 action may be dismissed *sua sponte* on the basis of the statute of limitations where "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." Report & Recommendation [Doc. #9] (quoting Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009)). The statute of limitations applicable to a § 1983 claim is based on the personal-injury statute of the state in which the district court sits. Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). Oklahoma's general personal injury statute of limitations, and hence the limitations period applicable here, is two years. *See* Hill v. Oklahoma, 399 Fed. Appx. 388, 390 (10th Cir. 2010). A federal civil rights action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Smith v. City of Enid by and through Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoting Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993)).

Based on the facts alleged in the complaint, the latest any violation of plaintiff's constitutional rights took place was approximately October 18, 2006. *See* Complaint [Doc. #1]. This suit was not filed until December 2010—well past the two-year limitations period.

Plaintiff does not challenge, in general, the application of Oklahoma's two-year statute of limitations to these circumstance, and he has not made out a basis for equitable tolling. He claims that he had no access to a law library, that he operated under a legal disability, and was therefore unaware of the two-year statute of limitations. [Doc. #10, p. 1]. However, ignorance of the law, even for an incarcerated *pro se* prisoner, does not ordinarily warrant

2

equitable tolling, *see* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), and plaintiff's conclusory arguments are insufficient to demonstrate that extraordinary circumstance beyond his control prevented him from timely filing his case.[2]

Because it is clear from the face of plaintiff's complaint that his claims are untimely and he has presented no meritorious reason for tolling the statute of limitations, the court **ADOPTS** Magistrate Judge Couch's Report and Recommendation and **DISMISSES** this case. Plaintiff's pending motion requesting the issuance of a subpoena to Dustin Cook [Doc. #7] is **DENIED**. This dismissal will count as a "strike" against plaintiff after he has exhausted or waived his appeals.[3]

**IT IS SO ORDERED**.

Dated this 1st day of June, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*Plaintiff plainly knew the facts giving rise to his claims during the limitations period, as is evidenced by his prior lawsuit where he asserted substantially identical claims. See No. CIV-07-0020-HE [Doc. #1].*

[3]*This conclusion stems in substantial part from plaintiff's reassertion here of claims disposed of in the prior case.*

3